# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CARLOS CRESPO,**

    **Plaintiff,**

**vs.**                                      **Case No. 4:16cv471-WS/CAS**

**FLORIDA COMMISSION
ON OFFENDER REVIEW,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On December 1, 2016, Defendant filed a second motion to dismiss, ECF No. 19, the pro se Plaintiff's amended complaint, ECF No. 17. Plaintiff was advised of his obligation to file a memorandum in opposition to the motion and directed to do so no later than January 13, 2017. ECF No. 20.

Thereafter, Plaintiff filed a motion to amend the complaint, ECF No. 21, on December 13, 2016, simultaneously providing the proposed amended pleading, ECF No. 22. Plaintiff also filed a motion for joinder, ECF No. 23, in which Plaintiff states he wants to add another Defendant

(Chairperson Coonrod) in this case.  Defendant opposes Plaintiff's requests.  ECF No. 24.

On January 13, 2017, Plaintiff filed his response to Defendant's motion.  ECF No. 25.  Accordingly, all pending motions are addressed in this Report and Recommendation.

**Motions to Amend and for Joinder**

Plaintiff's proposed second amended complaint names the Florida Commission on Offender Review and Chairperson Melinda Coonrod as Defendants.  ECF No. 22 at 2.  The claims brought (1) challenge Rule 23-21.0155 (which permits suspending a presumptive parole release date) as unconstitutional; (2) the Commission violated Plaintiff's right to equal protection; (3) the Commission violated Plaintiff's due process right; (4) the Commission randomly suspends or extends prisoner's presumptive parole release dates in violation of due process.  ECF No. 22 at 8-12.  None of the factual allegations pertain to Chairman Coonrod; rather, the allegations address actions of the Commission.  Therefore, the motions to amend and for joinder should be denied because the complaint does not sufficiently allege a basis for a claim against Chairman Coonrod.

Moreover, the motions should be denied because adding Chairman Coonrod is duplicative and redundant. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. [159] at 165, 105 S.Ct. [3099] at 3105 [1985] (citing Monell v. Department of Social Servs., 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035 n.55, 56 L.Ed.2d 611 (1978)) (quoted in Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991)). Claims brought against state officers in their official capacity are therefore, in actuality, suits directly against the state agency that the officer represents. Busby, 931 F.2d at 776; *see also* Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Because adding Chairman Coonrad as a Defendant in her official capacity is redundant to the claim brought against the Commission, the motion for joinder should be denied. The claim is unnecessary and the proposed second amended complaint fails to state a claim against Defendant Coonrad. The motion to amend should also be denied.

Case No. 4:16cv471-WS/CAS

**Motion to Dismiss**

The Commission filed a motion to dismiss Plaintiff's first amended complaint, ECF No. 17, as untimely. ECF No. 19 at 5. The Commission argues that Plaintiff is seeking to challenge "the suspension of his PPRD that occurred in December, 2011." *Id.* Because this case was not initiated until July 25, 2016,[1] more than four years after entry of the challenged decision, the Commission contends the case is barred by Florida's four year limitation period. *Id.* at 5-6. The Commission also argues it is entitled to Eleventh Amendment immunity, *id.* at 6-8, and contend the amended complaint fails to state a claim. *Id.* at 8-13.

**Plaintiff's Amended Complaint**

Plaintiff's complaint alleges that on December 14, 2011, the Commission suspended Plaintiff's presumptive parole release date [PPRD] which had been established as November 26, 2011. ECF No. 17 at 5. Plaintiff alleged that the suspension violated his right to due process because the Commission order erroneously stated "it was based on a

---

[1] The original complaint was filed in this Court on July 28, 2016. ECF No. 1. Pursuant to the "prison mailbox rule," it is deemed filed on July 25, 2016, as that is the date it was given to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

firearm that did not exist." *Id.* at 5. On July 31, 2015, the Commission "entered a corrected order[2] removing the firearm factor," but reaffirmed that Plaintiff's PPRD remained "suspended based instead on a knife." *Id.*

Plaintiff further claimed that the Commission "discriminated against him by not extending his PPRD" for 2 years but, instead, "suspended his PPRD indefinitely." *Id.* at 6, 9. He notes that other similarly situated inmates "had their PPRD's extended but not suspended." *Id.* Plaintiff alleges that Florida law permits the Commission to extend or modify a PPRD, but he contends that the Commission is not authorized "to suspend or override the PPRD." *Id.* at 7. As relief, Plaintiff requests declaratory and injunctive relief. *Id.* at 10.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant Rule 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim

---

[2] The Commission points out that the corrected order merely corrected a scrivener's error indicating Plaintiff used a firearm rather than a knife. ECF No. 24 at 6. "There was no subsequent Commission action on July 31, 2015." *Id.* "The clerk merely corrected its scrivener's mistake regarding a firearm versus a knife and the original order as well as the corrected order clearly reflects the circumstances of the crime where the Plaintiff stabbed the victim in death." *Id.*

Case No. 4:16cv471-WS/CAS

stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Case No. 4:16cv471-WS/CAS

groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

    Defendant's motion to dismiss is supported by an exhibit, a copy of the Commission's Review dated December 27, 2011. ECF No. 19-1 (ECF No. 19, Ex. A). Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) (citing 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller)). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks, 116 F.3d at 1369 (quoting Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)). Thus, the exhibit is central to Plaintiff's claim and was referenced in the amended complaint. ECF No. 17 at 5.

The authenticity of that document has not been challenged and it may be considered.

**Analysis**

The Commission contends this § 1983 case is untimely because it was filed outside of Florida's four year statute of limitations. ECF No. 19 at 5 (citing Lesley v. David, 186 F. App'x 926 (11th Cir. 2006)). Defendant asserts Plaintiff is challenging the suspension of his PPRD which occurred in December of 2011, as shown in Exhibit A. Exhibit A reveals the Commission met on December 14, 2011, and decided to not authorize Plaintiff's "effective parole release date." ECF No. 19-1. The Commission Action form states that Plaintiff's PPRD of November 26, 2011, remains suspended. *Id.* Plaintiff was advised he would be "reinterviewed for [his] extraordinary interview during the month of June, 2018." *Id.* The form was certified by the Commission Clerk on December 27, 2011. *Id.*

In response, Plaintiff argues that the relevant order he challenges is a July 31, 2015, suspension order. ECF No. 25 at 1. Plaintiff points out that on that date, Chairperson Coonrod authorized issuance of a "final (corrected) PPRD suspension order." ECF No. 25 at 3. He also contends that the time limit was tolled while he exhausted his administrative and

state court remedies.  *Id.* at 1.  Plaintiff argues that Leslie v. David, the case cited by the Commission in support of its motion to dismiss, is distinguishable because he "continued his exhaustion efforts . . . ."  *Id.* at 4.  He further contends that because Leslie is an unpublished opinion, it is not binding precedent.  *Id.* at 5.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).

It is immaterial that Leslie v. David is an unpublished decision because the Eleventh Circuit previously issued a published decision on this issue in Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003).  There, a state prisoner brought suit pursuant to 42 U.S.C. § 1983 challenging the retroactive application of a new Georgia parole policy on the grounds that it

violated the Ex Post Facto Clause. The "district court dismissed his complaint as time barred" because Georgia's limitations period was two years, and the § 1983 complaint was filed more than two years after being notified of the parole decision. Lovett, 327 F.3d at 1182. The Eleventh Circuit affirmed the dismissal of the complaint as untimely finding that "he knew, or should have known, all of the facts necessary to pursue a cause of action" in September 1998 but did not file the complaint until August of 2001. 327 F.3d at 1182.

More importantly, the court further held that the claim was not a "continuing violation." Id. at 1183. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994) (quoted in Lovett, 327 F.3d at 1183). The court stated that the act of deciding not to reconsider Lovett again for parole until 2006 "was a one time act with continued consequences, and the limitations period is not extended." 327 F.3d at 1183; see also Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (finding that each time a prisoner's

Case No. 4:16cv471-WS/CAS

"parole reconsideration hearing is set, it does not amount to a distinct and separate injury."); Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) (affirming dismissal of claims as time barred and concluding that any injury "suffered was a one-time injury that occurred in 1996 or 1998 when [appellants] learned that they would have to serve sentences longer than one-third of their judicially imposed sentences and greater than the Guidelines dictated."). That is so because it is the initial decision applying a challenged policy, not the continued application of the policy, which triggers the running of the statute of limitations. Brown, 335 F.3d at 1261. "The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations." Id. at 1262.

Accordingly, it is concluded that Plaintiff's claims do not fall within the "continuing injury" doctrine because the July 2015 order was not a separate event but a continuation of the 2011 order which suspended his PPRD indefinitely. Because this case was not initiated until July of 2016, more than four years later, the claims are barred.

Plaintiff has argued that his case should not be dismissed as time barred because of equitable tolling and his "legitimate exhaustion efforts." ECF No. 25 at 5. That argument should be rejected.

In Leal v. Georgia Dept. of Corrections, 254 F.3d 1276 (11th Cir. 2001), the Court left open the question of whether the mandatory exhaustion requirement should toll the statute of limitations. The case was remanded for consideration of that issue which was never briefed because the district court *sua sponte* dismissed the case. The issue remains undecided in the Eleventh Circuit although the Court suggested in Napier v. Preslicka, 314 F.3d 528, 534 n.3 (11th Cir. 2002), that the doctrine of equitable tolling might apply to the administrative exhaustion requirement for prison condition suits required by § 1997e(a). However, the issue there concerned a prisoner's claim for "mental and emotional injury" that is both "barred by the PLRA during imprisonment and barred by the applicable statute of limitations after release from prison, thereby giving the plaintiff no opportunity to ever have his claim heard on the merits by a federal court." Napier, 314 F.3d at 534, n.3. That is not the issue before this Court.

Moreover, it is true that prisoners are required to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) and must do so

Case No. 4:16cv471-WS/CAS

properly. Woodford v. Ngo, 548 U.S. 81, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (cited in Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015)). To determine "proper exhaustion" in prisoner civil rights actions, courts look to the requirements of the "prison grievance system." Woodford, 548 U.S. at 95, 126 S. Ct. at 2388. Thus, a prisoner must comply with rules which "are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218, 127 S. Ct. at 922-23. Inmates are only required to exhaust administrative remedies that are "available." Ross v. Blake, 136 S. Ct. 1850, 1855, 195 L. Ed. 2d 117 (2016) (underscoring the PLRA's "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'").

 Judicial notice is taken that the Florida Department of Corrections' inmate grievance procedure permits inmates to "file complaints regarding the following matters: (a) The substance, interpretation, and application of rules and procedures of the department that affect them personally; (b) The interpretation and application of state and federal laws and regulations that

affect them personally; (c) Reprisals against inmates for filing a complaint or appeal under the inmate grievance procedure, or for participating in an inmate grievance proceeding; (d) Incidents occurring within the institution that affect them personally; (e) Conditions of care or supervision within the authority of the Florida Department of Corrections, except as noted herein." FLA. ADMIN. CODE R. 33-103.001(4). The rules state that inmates "cannot file complaints" regarding parole decisions. FLA. ADMIN. CODE R. 33-103.001(5)(c). Such a decision would be beyond the control of the Department of Corrections. Accordingly, because administrative remedies were not available to Plaintiff concerning his challenge to the parole decision to suspend his PPRD, there is no need to consider whether equitable tolling should be applicable in this case. The motion to dismiss Plaintiff's amended complaint should be granted because the claims are barred by the statute of limitations.

**Recommendation**

It is respectfully **RECOMMENDED** that Plaintiff's motion for joinder, ECF No. 23, be **DENIED**, the second motion for leave to amend the complaint, ECF No. 21, be **DENIED**, and the Defendant's motion to

dismiss, ECF No. 19, be **GRANTED** and Plaintiff's first amended complaint, ECF No. 17, be **DISMISSED** as barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on March 9, 2017.


     S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.